**L. & L. FREIGHT LINES, Inc., v. DOUGLASS et al.**

**No. 254.**

District Court, N. D. Florida.

Nov. 7, 1935

Leo. P. Kitchen and Dan R. Schwartz, both of Jacksonville, Fla., for complainant.

Theo. T. Turnbull, of Tallahassee, Fla., for Railroad Commission.

LONG, District Judge.

This case comes before the court upon the sworn bill of complaint of the complainant, L. & L. Freight Lines, Inc., a corporation under the laws of the state of Florida, which seeks to enjoin the defendants, the Railroad Commission of the state of Florida, from molesting or interfering with the common carrier motortruck operations which the complainant began on October 13, 1935, and is now conducting from the Georgia-Florida state line south over United States highway No. 19, Tallahassee, Fla., thence south over the same highway to Ocala, thence southwest to Dunnellon and south to Tampa over United States highway No. 41, with off-line operations from Tallahassee east to Live Oak over United· States highway No. 90, so long as the complainant complies with the Motor Carrier Act of 1935 (49 U.S.C.A. § 301 et seq.), approved by the President on August 9, 1935, and which became effective on and after October 1, 1935.

Complainant contends that under subsection (b) of section 206 of the Motor Carrier Act of 1935 (49 U.S.C.A. § 306 (b), it may inaugurate its purely interstate common carrier truck service up to the effective date of the Motor Carrier Act and continue such operation for 120 days after the effective date of the Motor Carrier Act without a certificate of public convenience and necessity from the Interstate Commerce Commission. It further contends that by an order of the Interstate Commerce Commission dated September 30, 1935, and under the authority contained in section 227 of the Motor Carrier Act (49 U.S.C.A. § 327), the Interstate Commerce Commission had postponed the effective date of section 206, and other sections of the act, to October 15, 1935, and, therefore, as it began its operations on October 13th it is entitled to continue such operations for 120 days.

Section 206 provides for two classes of carriers: (a) Those carriers in bona fide operation as common carriers by motor vehicle on June 1, 1935, and are entitled to the issuance of a Certificate as a matter of right; (b) those carriers not included under the provisions of paragraph (a) but who are engaged in transportation in interstate or foreign commerce as common carriers by motor vehicle when said section takes effect.

Section 227 provides that the act shall take effect on and after the 1st day of October, 1935, "provided, however, That the Commission shall, if found by it necessary or desirable in the public interest, by general or special order, postpone the taking effect of any provision of this part [chapter] to such time after the 1st day of October 1935, as the Commission shall prescribe, but not beyond the 1st day of April 1936."

The Interstate Commerce Commission by its order dated September 30, 1935, postponed the taking effect of the provisions of section 206, and other sections of the act relating to applications for and issuance of certificates of public convenience and necessity to October 15, 1935, but a careful inspection of this order and of the notice bearing the same date, sent out over the signature of the secretary of the commission giving notice of such order and of the reasons for the same, makes it clear that the taking effect of the provisions of this section was postponed solely for administrative reasons, and not to confer further rights upon those engaged in transportation in interstate commerce, and that it was not the intention of the Interstate Commerce Commission to enlarge these rights, but only to increase the time within which applications for certificates of public convenience and necessity might be filed, and that this increase of time was given for the reason that the printed forms prepared by the commission were not ready for distribution on October 1, 1935.

It is the opinion of the court that the postponement of the effective date of these certain provisions of the act was for the benefit only of those who could not qualify under the "grandfather clause" as of June 1, 1935, but were engaged in transportation of interstate or foreign commerce as a common carrier by motor vehicle on October 1, 1935. The complainant, not having operated as an interstate carrier until October 13, 1935, cannot benefit by the order of the Interstate Commerce Commission postponing the effective date of certain provisions of the act.

It is, therefore, considered, ordered, and decreed that the prayer of the bill of complaint for a temporary restraining order against the defendants, the members of the Florida Railroad Commission, be, and the same is hereby, denied.